FILED
DISTRICT COURT OF GUAM
AUG 27 2015
JEANNE G. QUINATA
CLERK OF COURT



ARSENIA A. SABINAY
218 Santa Maria Street
Santa Ana Subdivision
Dededo, Guam 96929
Telephone: 671-969-0556

UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

CASE NO.

ARSENIA A. SABINAY,
    Plaintiff(s)

vs

AON INSURANCE MICRONESIA, INC;
and DOES 1 through 50, inclusive,
    Defendant(s).

CIVIL No. 15-00028

COMPLAINT FOR WRONGFUL TERMINATION, DISCRIMINATION BASED ON RACE, AGE, DISABILITY; RETALIATION

I hereby allege:

## SUMMARY OF CLAIMS

1. This is an action for damages by me against my former employer for a pattern of tortious conduct involving multiple violations of Title VII of the Civil Rights Act, the Age Discrimination Act and the Americans with Disabilities Act, including race-based discrimination, age discrimination, and discrimination based on my disability. I further claim that the defendants' conduct was intended to, and did, cause me severe mental and emotional distress and health problems due to stress from harassment. I seek compensatory damages including general damages for wrongful termination, mental and emotional distress, health problems from stress including aggravating my chronic acid reflux syndrome and associated pain and suffering as well as generally weakening my immune system causing various health issues, and punitive damages.

## PARTIES

2. At all times herein mentioned I, plaintiff ARSENIA A. SABINAY was and is a resident of the City of Dededo, U.S. Territory, Guam.

3. I am informed and believe and on the basis of such information and belief allege that at all times herein mentioned defendant AON INSURANCE MICRONESIA (Defendant) operated within the borders of City of Tumon, Guam.

4. I am unaware of the true names and capacities, whether corporate, associate, individual, or otherwise, of defendants named as DOES 1 through 50, inclusive. I will seek leave of court to amend this complaint to state these defendants' true names and capacities when they have been ascertained. I am informed and believe and on the basis of such information and belief allege that these fictitiously named defendants are responsible in some manner for the injury and damages to me as further alleged herein.

ORIGINAL

- 1 -

## AGENCY

5. I am informed and believe and on such information and belief alleges that defendants, and each of them, at all times herein mentioned were the agents, employees, servants, joint venturers, and/or co-conspirators of the remaining defendants, and were acting in the course and scope of such agency, employment, joint venture, and/or conspiracy; that defendants, and each of them, were doing the things herein alleged, were the actual and/ or ostensible agents of the remaining defendants, and were acting within the course and scope of this agency; and that each and every defendant, as alleged, when acting as a principal, was negligent in selecting, hiring, supervising, and continuing the employment of each and every defendant as an agent, employee, or joint venturer; and/or that these defendants approved, supported, participated in, authorized, and/or ratified the acts and/or omissions of these employees, agents, servants, conspirators, and/or joint venturers.

## FACTS IN SUPPORT OF CLAIMS

### A. I Belong to Protected Classes

6. I am 55 years old and is of Filipino heritage. I have had floaters, vitreous detachment and cataract problems and received treatment for these conditions in the form of surgery on June 19, 2013 (left eye) and July 17, 2013 (right eye). I also have chronic acid reflux syndrome, which I believe was aggravated by the harassment I suffered.

### B. I Had Excellent Job Qualifications and History

7. I worked for Defendant for 21 years as an Accounting Clerk, Data Processing Clerk, Personal Lines Underwriter and Commercial Lines Underwriter with few customer complaints or disciplinary issues before the arrival of Dave Silva and Sarah Camacho.

### C. I Have Suffered Discrimination Based on My Disabilities

8. In May 2013, I was suffering from floaters, vitreous attachment and cataract problems. Because of this, I was forced to delay a training session until after my eye surgeries in June and July. I was able to complete the training between July and September.

9. On May 15, 2013, around 2:45 PM, Sherry Cruz, Human Resources, and Shellie Smith, General Manager, called me into a room and told me to take the training. When I requested to take the next training session after my surgeries, I was told I was being paid twice the value of the work I was doing, and that maybe I should go on disability leave.

10. I felt this showed discrimination based on my disability.

### D. I Was Refused Reasonable Accomodation For My Disability

11. I had eye surgery on June 19, 2013, and my pre op form instructed me not to lift heavy objects or bend over, and to avoid any activity that could add pressure to my eye. This was stated on my Post-Op instructions.

12. On June 21, 2013, Sarah Camacho forced me to alphabetize and box some inactive account folders. I reminded her of my recent surgery and she yelled at me and threatened me with a write up for insubordination. I was left with no choice, so I packed the 2 boxes of heavy folders and alphabetized the rest, causing irritation and strain to my eye.

### E. I Was Discriminated Against for My Filipino Heritage

13. On September 5, 2013, I had a discussion with Sarah Camacho regarding a client. When Sarah called in Dave Silva, he immediately yelled "You again? Stop it! Stop it!" among other things. I felt this attack was unprovoked.

14. On September 24, 2013, Sarah Camacho inquired why I wanted to take an early lunch, inquiring into my private life with no reason, as well as acting in a hostile manner about it.

15. On March 7, 2014, Dave Silva, Sarah Camacho and Sherry Cruz called me into the conference room for a "client complaint". The client said they were unsatisfied with my work. I felt I was not given a proper chance to explain myself or understand the client complaints, as they had not indicated any problems to me. I felt the complaints were fabricated by someone else.

16. Dave Silva said that he thought the complaints were due to a lack of communication skills and especially my ability to speak English. I speak English well and have never had issues before. I agreed take a training course for my communication skills.

17. In 21 years, no one had complained about my communication skills or accent. Dave Silva had been recently employed by Defendant and I felt he and Sarah Camacho were behind this.

### F. I Was Retaliated Against for Attempting to Oppose My Discriminatory Harassment

18. On July 1, 2013, I filed a complaint through the company complaint procedures regarding discrimination against me based on my race. I believed the above issues were due to discrimination against me based on my race.

19. The company did not find that discrimination had occurred, however, I do not believe the investigation reached the proper result.

20. After that, I believe harassment continued against me due to my complaint about the original harassment as well as for the existing discriminatory reasons.

### G. Due to the Above Issues, I Was Wrongfully Terminated

21. On March 19, 2014, Sarah Camacho asked me to provide a list of customers and pending work folders. As I got to work on the list, Sarah approached me and bombarded me with questions and didn't give me an opportunity to answer.

22. After she left, I was in serious distress, shaking, feeling numb and having heart palpitations. I have a diagnosed anxiety problem for which I take medication, and the harsh treatment by Sarah Camacho exacerbated it.

23. Because I was in distress, I called Dave Silva and told him I was leaving, then told Sarah I was going to leave and that I had already advised Dave Silva. I was not told I should stay in the office or that this would trigger disciplinary action.

24. Later that day, Dave Silva called me at home and told me I was a "drama queen" and to stay home the next two days (Thursday and Friday).

25. I sent in my doctor's certificate and prescribed medicine to Dave Silva. He told me I was being disciplined for insubordination and claimed I was just seeking attention by bringing up my medical issues.

26. I came in on Monday, March 24, 2014. I worked almost my whole shift until just before 5 pm, when I was informed I was terminated.

27. After I was terminated, I was replaced with a younger employee.

### H. I Have Exhausted My Administrative Remedies

- 3 -

28. As required by law, before I filed this lawsuit I went to the EEOC and asked them to investigate this matter. They declined to pursue it but issued me a notice which also serves as a Right to Sue Letter.

FIRST CAUSE OF ACTION

Discrimination Against Me Based on My Race and National Origin (42 USC 2000(e))

29. I hereby reallege and incorporate by reference paragraphs 1 through 28 of the introductory allegations as if set forth in full.

30. By virtue of the conduct alleged at paragraphs 1 through 28 above, Defendant discriminated against me in violation of 42 USC 2000(e)(2)(a)(1) by terminating me because of my Filipino heritage.

31. As a direct and proximate result of this discrimination, I sustained general damages for lost wages, severe mental and emotional distress, and health problems from stress, including aggravating my chronic acid reflux syndrome and generally weakening my immune system causing other problems, and associated pain and suffering, according to proof.

32. Defendants acted with malice and oppression toward me, and with conscious disregard for her rights. Furthermore, Defendant willfully failed to fulfill their respective obligations to assure that all steps reasonably necessary were taken to prevent discrimination based on race and national origin. Therefore, punitive damages should be assessed against Defendant, in sums sufficient to punish them and set an example in view of their respective financial conditions.

SECOND CAUSE OF ACTION

Discrimination Based on Disability (42 USC 12112)

33. I hereby reallege and incorporates by reference paragraphs 1 through 28 of the introductory allegations as if set forth in full.

34. By virtue of the conduct alleged at paragraphs 1 through 28 above, Defendant has discriminated against me in violation of 42 US 12112 by making me work after my recent eye surgery and counting the fact that I had to delay my training due to my eye problems against me, eventually leading to my discharge.

35. As a direct and proximate result of this discrimination, I sustained general damages for lost wages, severe mental and emotional distress, and health problems from stress, including aggravating my chronic acid reflux syndrome and generally weakening my immune system causing other problems, and associated pain and suffering, according to proof.

36. Defendants acted with malice and oppression toward me and with conscious disregard for my rights. Furthermore, Defendant willfully failed to fulfill their respective obligations to assure that all steps reasonably necessary were taken to prevent discrimination based on disability. Therefore, punitive damages should be assessed against Defendant, in sums sufficient to punish them and set an example in view of their respective financial conditions.

## THIRD CAUSE OF ACTION

### Discrimination Based on Age (42 USC 623(4))

37. I hereby reallege and incorporates by reference paragraphs 1 through 28 of the introductory allegations as if set forth in full.

38. By virtue of the conduct alleged at paragraphs 1 through 28 above, Defendant has discriminated against me in violation of 42 USC 623(4) by terminating me because of my age.

39. As a direct and proximate result of this discrimination, I sustained general damages for lost wages, severe mental and emotional distress, and health problems from stress, including aggravating my chronic acid reflux syndrome and generally weakening my immune system causing other problems, and associated pain and suffering, according to proof.

40. Defendants acted with malice and oppression towards me, and with conscious disregard for my rights. Furthermore, Defendant willfully failed to fulfill their respective obligations to assure that all steps reasonably necessary were taken to prevent discrimination based on age. Therefore, punitive damages should be assessed against Defendant, in sums sufficient to punish them and set an example in view of their respective financial conditions.

## FOURTH CAUSE OF ACTION

### Retaliation Based On Complaint of Discrimination (42 USC 2000(e))

41. I hereby reallege and incorporates by reference paragraphs 1 through 28 of the introductory allegations as if set forth in full.

42. By virtue of the conduct alleged at paragraphs 1 through 28 above, Defendant has discriminated against me in violation of 42 USC 2000(e) by terminating me in retaliation for my lawful complaint

43. As a direct and proximate result of this discrimination, I sustained general damages for lost wages, severe mental and emotional distress, and health problems from stress, including aggravating my chronic acid reflux syndrome and generally weakening my immune system causing other problems, and associated pain and suffering, according to proof.

44. Defendants acted with malice and oppression towards me, and with conscious disregard for my rights. Furthermore, Defendant willfully failed to fulfill their respective obligations to assure that all steps reasonably necessary were taken to prevent retaliation against me based on my lawful complaint of discrimination. Therefore, punitive damages should be assessed against Defendant, in sums sufficient to punish them and set an example in view of their respective financial conditions.

*****

WHEREFORE, I pray for judgment as follows:

<u>As to the First Cause of Action:</u>
1. For economic damages, according to proof;
2. For general damages for severe emotional distress, and health problems from stress, including aggravating my chronic acid reflux syndrome and generally weakening my immune system causing other problems, and associated pain and suffering, according to proof.
3. For punitive or exemplary damages as against the individual defendants; and

<u>As to the Second Cause of Action:</u>
1. For economic damages, according to proof;
2. For general damages, for severe emotional distress, and health problems from stress, including aggravating my chronic acid reflux syndrome and generally weakening my immune system causing other problems, and associated pain and suffering, according to proof.
3. For punitive or exemplary damages as against the individual defendants; and

<u>As to the Third Cause of Action:</u>
1. For economic damages, according to proof;
2. For general damages, for severe emotional distress, and health problems from stress, including aggravating my chronic acid reflux syndrome and generally weakening my immune system causing other problems, and associated pain and suffering, according to proof.
3. For punitive or exemplary damages as against the individual defendants; and

<u>As to the Fourth Cause of Action:</u>
1. For economic damages, according to proof;
2. For general damages, for severe emotional distress, and health problems from stress, including aggravating my chronic acid reflux syndrome and generally weakening my immune system causing other problems, and associated pain and suffering, according to proof.
3. For punitive or exemplary damages as against the individual defendants; and

I certify that the foregoing is true and correct.
Date: 08/27/15

By: /s/ Arsenia A. Sabinay
Plaintiff ARSENIA A. SABINAY

<u>JURY TRIAL DEMAND</u>
Plaintiff SABINAY hereby demands trial by jury of the above cause.

Date: 08/27/15

By: /s/ Arsenia A. Sabinay
Plaintiff ARSENIA A. SABINAY